IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

TARO PHARMACEUTICALS U.S.A., INC.,
and TARO PHARMACEUTICALS NORTH
AMERICA, INC.,
                Plaintiffs;

v.                                              Civil Action No. 1:14-cv-989-RGA

PERRIGO ISRAEL PHARMACEUTICALS
LTD.,
                Defendant.

MEMORANDUM ORDER

Presently before the Court is non-party Hill Dermaceuticals, Inc.'s Motion to Quash Subpoenas (D.I. 83) and Perrigo Israel Pharmaceuticals Ltd.'s Cross Motion to Compel Production of Documents and Testimony. (D.I. 89). Hill seeks to quash the subpoenas pursuant to Fed. R. Civ. P. 45(d)(3)(B). Perrigo seeks to compel discovery pursuant to Fed. R. Civ. P. 37. The issues have been fully briefed. (D.I. 83, 90, 92, 94). For the reasons set forth herein, Hill's motion to quash is **GRANTED** and Perrigo's motion to compel is **DENIED**.

On July 28, 2014, Taro Pharmaceuticals, U.S.A., Inc. and Taro Pharmaceuticals North America, Inc. filed a patent infringement action against Perrigo. (D.I. 1). The action arose out of Perrigo's filing of an Abbreviated New Drug Application to market a generic version of Taro's Topicort nasal spray. (D.I. 1 at 1). On September 14, 2015, Perrigo served a deposition subpoena and a document subpoena on non-party Hill, requesting information pertaining to Hill's "Derma-Smoothe" products. (D.I. 83, Ex. 1). Perrigo alleges that Derma-Smoothe may be relevant prior art for its invalidity defense of obviousness. (D.I. 90 at pp. 9-10). Hill argues

1

that disclosure of the subpoenaed information would require Hill "to place its trade secrets and other highly confidential information in the hands of its direct competitor." (D.I. 83 at 2).

When seeking court protection from a subpoena, a non-party may do so through "the overlapping and interrelated provisions of both Rules 26 and 45." *Mannington Mills, Inc. v. Armstrong World Indus.*, 206 F.R.D. 525, 529 (D. Del. 2002). Trade secrets are not "absolutely privileged from discovery in litigation." *Coca-Cola Bottling Co. of Shreveport, Inc. v. Coca-Cola Co.*, 107 F.R.D. 288, 292 (D. Del. 1985). In resisting the discovery of a trade secret, a party must first demonstrate that the information sought "is a trade secret and that disclosure of the secret might be harmful." *Id.* Information may be deemed a trade secret if it "[d]erives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure and use [and] [i]s the subject of efforts . . . to maintain its secrecy." DEL. CODE ANN. tit. 6, § 2001(4)(a), (b).

If such a showing is made, the burden shifts to the party seeking discovery to show that the disclosure of the trade secret is both relevant and necessary. *Am. Standard Inc. v. Pfizer Inc.*, 828 F.2d 734, 741 (Fed. Cir. 1987); *see also Mannington Mills*, 206 F.R.D. at 528. To satisfy relevance, the movant "must show that the material sought is relevant to the subject matter of the lawsuit." *Coca-Cola Bottling*, 107 F.R.D. at 293. In order to satisfy the necessity requirement, the movant must "establish that [the information sought] is reasonably necessary for a fair opportunity to develop and prepare the case for trial." *Am. Standard*, 828 F.2d at 743; *see also Coca-Cola Bottling*, 107 F.R.D. at 293.

After the moving party has shown relevancy and need, the court "must balance the need for the information against the injury that would ensue if disclosure is ordered." *Coca-Cola*

2

*Bottling*, 107 F.R.D. at 293. The court must consider "not the injury that would be caused by public disclosure, but the injury that would result from disclosure under an appropriate protective order." *Id.* at 293. Courts generally presume that "disclosure to a competitor is more harmful that disclosure to a noncompetitor." *Mannington Mills*, 206 F.R.D. at 531. Also, courts may consider a subpoenaed party's status as a non-party in the analysis. *Am. Standard*, 828 F.2d at 739.

I must first determine whether the information sought is protected as a trade secret and whether disclosure may be harmful. For purposes of this motion, Perrigo does not appear to dispute that the requested information may constitute a trade secret. (D.I. 90 at 12-14, 18-19). Perrigo instead devotes most of its attention to arguing that the information requested is both relevant and necessary. Hill, on the other hand, has produced considerable evidence regarding the requested information's trade secret status and the harm that may result from disclosure to a competitor. (D.I. 83 at 3-4; D.I. 83, Ex. 2). Therefore, I find that there has been sufficient evidence advanced by Hill to conclude that the requested information constitutes a trade secret and that harm may result from its disclosure.

Since the subpoenaed information constitutes a trade secret for purposes of this motion, Perrigo first bears the burden of showing that the subpoenaed information is relevant. The relevance requirement is drawn broadly. *Coca-Cola Bottling*, 107 F.R.D. at 293; *see also Cash Today of Texas, Inc. v. Greenberg*, 2002 WL 31414138, at *1 (D. Del. Oct. 23, 2002). Here, Perrigo argues that Hill's Derma-Smoothe product is relevant to its invalidity defense. More specifically, Perrigo contends that Derma-Smoothe, while not anticipating Taro's patented invention under 35 U.S.C. § 102, may render it obvious under 35 U.S.C. § 103. In response, Hill argues that Derma-Smoothe cannot possibly constitute invalidating prior art, as its formulation

3

was—and still is—secret, and therefore could not be "known to someone of ordinary skill in the art." (D.I. 83 at 8-9).

The secret nature of Derma-Smoothe does not foreclose its relevance to the § 103 inquiry. Whether in connection with § 102(b) or § 103, "[i]f a device was in public use or on sale before the critical date, then that device becomes a reference under section 103 against the claimed invention." *TorPharm, Inc. v. Ranbaxy Pharms., Inc.*, 336 F.3d 1322, 1327 (Fed. Cir. 2003) (quoting *Baker Oil Tools, Inc. v. Geo Vann, Inc.*, 828 F.2d 1558, 1563 (Fed. Cir. 1987)). A court must then determine "whether the claimed invention would have been obvious from the on-sale device in conjunction with the prior art." *Id.* (quotation marks omitted). Further, in regards to § 102(g) prior art, the Federal Circuit has concluded that "the term 'prior art' as it is used in 35 U.S.C. § 103 should include all inventions which were made in this country before an applicant or patentee made his invention, regardless of when those inventions are made public . . . so long as those inventions are not found to have been abandoned, suppressed, or concealed." *E.I. du Pont de Nemours & Co. v. Phillips Petroleum Co.*, 849 F.2d 1430, 1437 (Fed. Cir. 1988) (quoting *Application of Bass*, 474 F.2d 1276, 1292 (C.C.P.A. 1973) (Baldwin, J., concurring)). These cases make clear that the underlying "secret" nature of a prior art reference does not render it irrelevant to an obviousness determination. It is not disputed that Derma-Smoothe was on sale prior to the critical date. (D.I. 90 at pp. 1-2; D.I. 83 at 4). Additionally, Perrigo has adequately shown that Derma-Smoothe may be relevant to its obviousness argument. (D.I. 90 at p. 2). Hill's argument that Derma-Smoothe may not anticipate Taro's invention under § 102 does not belie its relevance to an obviousness inquiry under § 103. (*See* D.I. 83, Ex 3). Therefore, I find that the requested information is relevant.

While Perrigo has carried its burden of showing that the requested information is relevant, it must also show that it is necessary. *Am. Standard Inc. v. Pfizer Inc.*, 828 F.2d 734, 741 (Fed. Cir. 1987). Perrigo must demonstrate that the information sought is "reasonably necessary for a fair opportunity to develop and prepare the case for trial." *Id.* at 743. Perrigo argues that Hill is the "best source of information" for information about Derma-Smoothe. (D.I. 90 at p. 15). Perrigo may be correct that detailed information about the Derma-Smoothe prior art reference may be uniquely available from Hill. That does not mean, however, that Hill is uniquely positioned to provide Perrigo with information relevant to its obviousness defense. *See Mannington Mills, Inc. v. Armstrong World Indus.*, 206 F.R.D. 525, 532 (D. Del. 2002) ("Although the [non-party's] financial, marketing and sales data . . . is 'unique' in the sense that it is information about [the non-party], financial, marketing and sales information is not uniquely available from [the non-party].").

Perrigo has listed twenty-two prior art references in its Invalidity Contentions, most of which are printed publications or patents. (D.I. 90, Ex. 1 at p. 6). Perrigo has made no showing as to how Hill's Derma-Smoothe, among these, is uniquely necessary to proving its invalidity case. *See* 8A Charles Alan Wright et al., *Federal Practice and Procedure* § 2043 (3d ed. 2015) (The determination of whether the information is sufficiently relevant and necessary "should include consideration of all pertinent circumstances, including dangers of abuse, good faith, and *availability of other means of proof*." (emphasis added)). The possibility of obtaining relevant information from alternative sources weighs against a finding of need. *See, e.g., Echostar Commc'ns Corp. v. News Corp.*, 180 F.R.D. 391, 395 (D. Colo. 1998) ("Until Echostar has exhausted its efforts to seek production of these types of materials from News Corp, . . . and . . . completed some depositions, it cannot even begin to argue that it has a substantial need to obtain

5

the materials from the non-parties."); *Spartanburg Reg'l Healthcare Sys. v. Hillenbrand Indus.*, 2005 WL 2045818, at *5 (W.D. Mich. Aug. 24, 2005) (holding that the defendant's failure to make "*any* attempt to obtain the requested information from any source other than [the non-party] significantly undermine[d] its claim of need"). This case, however, presents a scenario where the alternative sources of proof are far less hypothetical than in *Spartanburg* and *Echostar*. Perrigo has in its possession numerous sources relevant to proving the same legal theory. That Perrigo seeks only to supplement its theory with Hill's trade secrets cuts against a finding that the requested information is "reasonably necessary for a fair opportunity to develop and prepare the case for trial." *Am. Standard Inc. v. Pfizer Inc.*, 828 F.2d 734, 743 (Fed. Cir. 1987). Since Perrigo has failed to show any specific need for this particular method of proving its legal theory, the potential harm to Hill, a non-party, cannot be justified. I conclude that Perrigo has failed to meet its burden of proving the information sought is necessary.

Since Perrigo has failed to show that the information sought is both relevant and necessary, I need not "balance the need for the information against the injury that would ensue if disclosure is ordered." *Coca-Cola Bottling Co. of Shreveport, Inc. v. Coca-Cola Co.*, 107 F.R.D. 288, 293 (D. Del. 1985).

For the reasons stated above, Hill's motion to quash (D.I. 83) is **GRANTED** and Perrigo's motion to compel (D.I. 89) is **DENIED**.

It is SO ORDERED this 30 day of November, 2015.

Richard G. Andrews
United States District Judge

6